IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES MICHAEL STROUD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:25-cv-40-JTA |
| | ) (WO) |
| LOGAN MITCHELL, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Before the court is Plaintiff's motion to remand. (Doc. No. 10.) The parties consented to jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. No. 8.) For the reasons set forth below, Plaintiff's motion to remand is due to be denied.

### I.     JURISDICTION AND VENUE

Jurisdiction is proper under 28 U.S.C. § 1331 because Plaintiff brings a claim pursuant to 42 U.S.C. § 1983 against Defendant. Venue is proper because Plaintiff filed his complaint in the Circuit Court of Coosa County, Alabama (Doc. No. 1-4 at 117), which is within the Middle District of Alabama, Northern Division.

### II.    PROCEDURAL HISTORY AND ALLEGATIONS

On December 30, 2024, Plaintiff James Michael Stroud filed an amended complaint in state court against Defendant Logan Mitchell. (Doc. No. 1-4 at 117.) Plaintiff alleges Defendant, who was a deputy of the Coosa County Sheriff's Office, ran a stop sign and

collided with another vehicle while transporting Plaintiff in his police vehicle. (*Id*. at 120–121.) Plaintiff alleges he was not properly secured in the backseat of Defendant's police vehicle. (*Id*. at 121.) Plaintiff brings five claims against Defendant, including (1) negligence, (2) negligence per se, (3) wantonness, (4) fictious defendant liability, and (5) violation of 42 U.S.C. § 1983. (*Id*. at 122–25.)

Because the amended complaint added the 42 U.S.C. § 1983 claim, Defendant removed the case to federal court on January 8, 2025. (Doc. No. 1.) On February 5, 2025, Plaintiff filed a motion to remand. (Doc. No. 10.) Defendant filed a timely response opposing the motion to remand (Doc. No. 17), and Plaintiff filed a reply (Doc. No. 20).

This matter is ripe for review.

### III.    STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)*; Wymbs v. Republican State Exec. Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983). Federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377. Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). The removing defendant has the burden of establishing this court has subject matter jurisdiction over an action.[1] *See Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir. 1996) (stating that the party

---

[1] Because removal is only permissible if the plaintiff's claims could have been filed in federal court originally, in deciding a motion to remand, the court must look to these claims to determine

2

seeking removal to federal court has the burden of establishing federal jurisdiction). Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts "shall have supplemental jurisdiction" over state-law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a).

## IV.    DISCUSSION

The parties agree the court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts a federal claim against Defendant. Nonetheless, Plaintiff argues the court should remand the entire case to state court, or in the alternative, sever and remand his state law claims. The undersigned first addresses remand of Plaintiff's 42 U.S.C. § 1983 claim and then turns to his state law claims.

Plaintiff argues his § 1983 claim should be remanded under 28 U.S.C. § 1367(c) because the state law claims substantially predominate and raise novel or complex issues of state law, and the state court has concurrent jurisdiction over his § 1983 claim. (Doc. No. 11 at 3–4.)  But, even if the court finds the state law claims substantially predominate, "[s]ection 1367(c) cannot be fairly read as bestowing on district courts the discretion to remand to a state court a case that includes a properly removed federal claim." *In re City of Mobile*, 75 F.3d 605, 607 (11th Cir. 1996) (finding the district court exceeded its

---

whether removal was appropriate. *Burns*, 31 F.3d at 1095; *Pintando v. Miami–Dade Hous. Agency*, 501 F.3d 1241, 1243 n.2 (11th Cir. 2007) (per curiam) ("[T]he district court must look at the case at the time of removal to determine whether it has subject-matter jurisdiction.").

3

authority when it remanded a properly removed federal claim). Although state courts have concurrent jurisdiction over § 1983 claims, that does not mean this court has authority to remand a properly removed federal claim. Here, Defendant properly removed Plaintiff's federal claim to federal court. Thus, remand of Plaintiff's § 1983 claim is not warranted. *See In re City of Mobile*, 75 F.3d at 607; *Hayley v. Regions Bank*, No. 3:12-cv-437-WKW, 2012 WL 6028238, at *2 (M.D. Ala., Dec. 4, 2012) (denying a motion to remand because the complaint contained a properly removed federal claim).

Plaintiff avers this court should decline to exercise supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367(c).[2] (Doc. No. 11 at 3.) A district court may decline to exercise supplemental jurisdiction over state law claims when the claims substantially predominate or raise a novel or complex issue of state law. 28 U.S.C. § 1367(c). Plaintiff does not explain why or how his state law claims predominate or raise a novel or complex issue of state law, he simply states it is so. Further, Plaintiff cites no authority, persuasive or binding, for his argument. Similarly, Plaintiff argues principles of judicial economy and fairness favor remand, but once again provides no citation to authority to support his argument.[3] Accordingly, any argument that the court should decline

---

[2] Plaintiff does not contest that his state law claims fall within this court's supplemental jurisdiction. *See Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006) ("[28 U.S.C. § 1367(a)] confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim.").

[3] In his reply, Plaintiff cites one case to support this argument: *Mensah v. World Truck Corp.*, 210 F. Supp. 2d 320 (S.D.N.Y. 2002). But, the Second Circuit explicitly overturned this decision and stated the court's reasoning was "based on an improper application of 28 U.S.C. § 1447(e)." *LeChase Construction Serv., LLC v. Argonaut Ins. Co.*, 63 F.4th 160, 174 (2d Cir. 2023) (vacating an order to remand because the "text of section 1447(e) forecloses a remand for reasons related to policy or judicial economy.").

to exercise supplemental jurisdiction is waived. *Cf. Sappupo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

## V.   CONCLUSION

Because Defendant properly removed Plaintiff's federal claim and Plaintiff waived his argument the court should not exercise supplemental jurisdiction, the motion to remand is due to be denied. A separate order shall issue.

DONE this 23rd day of June, 2025.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE