IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES MICHAEL STROUD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:25-cv-40-JTA |
| | ) (WO) |
| LOGAN MITCHELL, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**

Before the Court is Defendant Logan Mitchell's Motion to Dismiss. (Doc. No. 4.) Defendant moves to dismiss counts one through four of Plaintiff James Michael Stroud's amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The parties consented to jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. No. 8.)

For the reasons set forth below, Defendant's motion to dismiss is due to be denied in part and granted in part.

### I.   JURISDICTION AND VENUE

Jurisdiction is proper under 28 U.S.C. § 1331 because Plaintiff brings a claim under 42 U.S.C. § 1983 against Defendant. Nonetheless, Defendant maintains the Court does not have subject matter jurisdiction over Plaintiff's state law claims because the Alabama Constitution entitles him to immunity.

Venue is proper because Plaintiff filed his complaint in the Circuit Court of Coosa County, Alabama (Doc. No. 1-4 at 117), which is within the Middle District of Alabama, Northern Division.

## II. PROCEDURAL HISTORY AND ALLEGATIONS

On December 30, 2024, Plaintiff filed an amended complaint in state court against Defendant. (Doc. No. 1-4 at 117.) Plaintiff alleges Defendant, who was a deputy of the Coosa County Sheriff's Office, ran a stop sign and collided with another vehicle while transporting Plaintiff in his police vehicle. (*Id*. at 120–121.) Plaintiff alleges he was not properly secured in the back seat of Defendant's police vehicle. (*Id*. at 121.) From these allegations, Plaintiff brings five counts against Defendant: (1) negligence, (2) negligence per se, (3) wantonness, (4) fictious defendant liability, and (5) violation of 42 U.S.C. § 1983. (*Id*. at 122–25.)

Because the amended complaint added the 42 U.S.C. § 1983 claim, Defendant removed the case to federal court on January 8, 2025. (Doc. No. 1.) On January 13, 2025, Defendant filed a motion to dismiss. (Doc. No. 4.) Plaintiff filed a timely response opposing the motion to dismiss (Doc. No. 14), and Defendant filed a reply (Doc. No. 16).

This matter is ripe for review.

## III. STANDARD OF REVIEW

A. Rule 12(b)(1)

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Subject matter jurisdiction is the power of the court to hear a class of cases, which is conferred by statute. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 503, 513

2

(2006); *see* 28 U.S.C. §§ 1331 (conferring federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States") and 1332 (conferring diversity jurisdiction). "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). "The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016) (citation omitted). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514.

Motions to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) bring either "facial attacks" or "factual attacks." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). [1]

> Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion. *Id*. at 1529. Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings. *Id*. In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits. *Id*.

*Morrison v. Amway Corp*., 323 F.3d 920, 925 n.5 (11th Cir. 2003).

B. Rule 12(b)(6)

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court takes the facts alleged in the complaint as true and construes them in

---

[1] This case involves a factual attack on subject matter jurisdiction.

the light most favorable to the plaintiff. *See Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012). To avoid dismissal, the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted).

## IV.  DISCUSSION

Defendant argues counts one through three of Plaintiff's amended complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(1) because he is entitled to Alabama State immunity as a sheriff's deputy.[2] (Doc. No. 5 at 2–3.) Defendant further argues count four of Plaintiff's amended complaint is due to be dismissed under Federal Rule of Civil Procedure 12(b)(6) because fictious party pleading is not permissible in federal court. (*Id.* at 15.) The Court addresses each argument in turn.

A. Alabama State Immunity

Under the Alabama Constitution, sheriffs and their deputies are generally immune "from actions against them in their individual capacities for acts they performed in the line

---

[2] The Alabama Supreme Court typically denotes this type of immunity as "State immunity." *See Ex parte Pinkard*, 373 So. 3d 192, 198 n.3 (Ala. 2022); *Reynolds v. Calhoun*, 650 F. Supp. 3d 1272, 1274 n. 1 (M.D. Ala. 2023). Accordingly, the Court uses this nomenclature throughout this Opinion.

and scope of their employment." *Ex parte Donaldson*, 80 So. 3d 895, 897 (Ala. 2011). The Alabama Supreme Court considers this a jurisdictional bar under Alabama Rule of Civil Procedure 12(b)(1). *See Ex parte Burnell*, 90 So. 3d 708, 710 (Ala. 2012).

As a threshold issue, the Court must determine whether Federal Rule of Civil Procedure 12(b)(1) is the procedurally proper method to assert the defense of Alabama State immunity. While some of our sister courts have analyzed the applicability of Alabama State immunity under Federal Rule 12(b)(1), others have declined to do so. *Contrast Brown v. Smith*, No. 6:24-cv-1001-GWB, 2025 WL 439820, at *1 (N.D. Ala. Feb. 7, 2025) (analyzing the applicability of Alabama State immunity under the Federal Rule 12(b)(1) standard) *with King v. Moon*, No. 2:21-cv-01568-ACA, 2023 WL 9419674, at *1 (N.D. Ala. Mar. 30, 2023) (denying a Rule 12(b)(1) motion to dismiss because Alabama State immunity does not deprive the court of subject matter jurisdiction); *see also Turner-Pugh v. Monroe Cnty. Bd. Of Educ.*, No. 1:23-00294-TFM-N, 2024 WL 4469209, at *6 (S.D. Ala. Aug. 16, 2024) ("in federal courts, state-law immunities from suit are not jurisdictional matters, but are simply defenses that the proponent is required to raise and prove").

While the Eleventh Circuit has never specifically held that Alabama State immunity does not strip federal courts of jurisdiction, it has stated in dicta that "state-law immunity from suit . . . would not be jurisdictional." *Green v. Graham*, 906 F.3d 955, 964 (11th Cir. 2018). In *Green*, the defendants belatedly proposed a theory of Eleventh Amendment sovereign immunity that included immunity under the Alabama Constitution. *Id*. at 963. The Eleventh Circuit held the defendants waived this argument because they raised it for the first time at oral argument. *Id*. at 963–64. Nonetheless, the Circuit noted that a "defense

5

rooted in state law cannot define the jurisdiction of the federal courts, which derives from the Constitution and Acts of Congress." *Id*. at 964 (citing U.S. Const. Art III, § 1-2; *Sheldon v. Sill*, 49 U.S. 441, 448–49 (1850)).

Because this Court's subject matter jurisdiction is derived from the Constitution and the Acts of Congress, Defendant's Rule 12(b)(1) motion to dismiss on the basis of Alabama State immunity is due to be denied.[3]

B. Fictitious Party Pleading

"As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010); *see also Williams v. DeKalb Cnty. Jail*, 638 F. App'x 976 (11th Cir. 2016). There is a limited exception to this rule when "the plaintiff's description of the defendant is so specific as to be 'at the worst,

---

[3] In a one-sentence footnote, Defendant states he alternatively moves to dismiss pursuant to Rule 12(b)(6) on the grounds of Alabama State immunity. (Doc. No. 5 at 3 n. 1) ("In the alternative, Defendant seeks dismissal pursuant to Rule 12(b)(6), Fed. R. Civ. P."). The footnote lacks any supporting argument or legal authority. "Where a defendant seeking dismissal of a complaint under Rule 12(b)(6) does not provide legal authority in support of its arguments, it has failed to satisfy its burden of establishing its entitlement to dismissal." *Chi. Title Ins. Co. v. Schrader*, 693 F. Supp. 3d 1255, 1265 (S.D. Ala. 2023) (quoting *Spring Sols., Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, 1228 (S.D. Fla. 2014)). The motion is due to be denied on this basis alone. *See NLRB v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."); *Sappupo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."); *Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278–79 (11th Cir. 2009) (explaining that simply stating an issue exists, without further argument or discussion, constitutes abandonment of that issue).

Further, Defendant made it clear in his reply that he is asserting Alabama State immunity under his Rule 12(b)(1) motion to dismiss. (Doc. No. 16 at 1 ("Deputy Mitchell's Motion to Dismiss [on the basis of State immunity] was filed pursuant to Rule 12(b)(1), Fed. R. Civ. P., challenging the subject matter jurisdiction of the Court over the state-law claims against him.")).

surplusage.'" *Johnson*, 598 F.3d at 738 (quoting *Dean v. Barber*, 951 F.2d 1210, 1215–16 (11th Cir. 1992)).

Here, count four of Plaintiff's amended complaint does not meet the exception to the general rule that fictitious-party pleading is not permitted in federal court. Plaintiff's amended complaint does not contain a specific description of a fictitious defendant, but rather states "Fictitious Defendants Nos. 1 through 80, whose names and identities are unknown to Plaintiff Stroud at this time, will be more correctly named when their identities are ascertained by the Plaintiff." (Doc. No. 1-4 at 124.) Because Plaintiff's amended complaint does not contain a specific description of a fictitious party, count four of Plaintiff's amended complaint is due to be dismissed.

## V.   CONCLUSION

Because state-law immunity does not strip a federal court of jurisdiction, Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) is due to be denied. In addition, Defendant's unsupported Motion to Dismiss under Rule 12(b)(6) concerning state-law immunity is due to be denied. Finally, because fictitious-party pleading is not permitted in federal court, Defendant's Motion to Dismiss pursuant to 12(b)(6) is due to be granted. A separate order shall issue.

DONE this 23rd day of July, 2025.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE